Filed 3/6/13  P. v. Adams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056443 |
| v. | (Super.Ct.No. RIF1101774) |
| JAMALL EARL ADAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Eric G. Helgesen, Judge.

(Retired judge of the Tulare Mun. Ct. assigned by the Chief Justice pursuant to art. VI, §

6 of the Cal. Const.)  Affirmed.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for

Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jamall Earl Adams (defendant) appeals from his

conviction and sentence of 8 years plus 25 years to life for attacking and seriously

injuring a 59-year-old man in a jail holding cell after the man denied gang affiliation and

1

stated that he was old enough to be defendant's father.  As discussed below, we affirm the conviction and sentence.

## FACTS AND PROCEDURE

On February 16, 2011, deputies responded to banging and moaning noises coming from a holding cell at the county jail in Riverside.  They found the victim bleeding heavily from a laceration on his head.  The deputies removed the victim from the cell and he was taken to the nurse's station.  Defendant was the only one of the eight other occupants of the cell to have swelling and abrasions on his knuckles.  He was also breathing heavy and perspiring.

The victim identified defendant as his attacker when defendant was pointed out to him.  The victim told the interviewing deputy that defendant had approached him in the holding cell and asked him where he was from.  The victim stated he was from Riverside.  Defendant identified himself as a member of a particular gang.  The victim stated that he was not in a gang and that he was old enough to be defendant's father.  At that point, defendant began to punch the victim in the head and face.  Defendant punched him eight to ten times while saying "I'm going to kill you."  The victim fell on the floor and lost consciousness.  Another prisoner in the holding cell testified at trial that, after the victim fell to the floor, defendant straddled the unconscious victim and hit him in the face one more time.  After a minute or two the victim got up on his knees, bleeding profusely, and banged on the cell door until the deputies arrived.

2

On February 16, 2012, a jury found defendant guilty of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and found true an allegation that he personally committed the great bodily injury (§ 12022.7, subd. (a)). Defendant later admitted that he had eight prior strike convictions (§§ 667, subds. (c), (e)(1) & (2), 1170.12, subds. (c)(1) & (2)), a serious felony prior conviction (§ 667, subd. (a)) and a prison prior (§667.5, subd. (b)). The trial court denied defendant's *Romero*[2] motion and sentenced him to 25 years to life for the assault conviction, plus three years consecutive for the personal commission enhancement and five years consecutive for the prison prior, plus 1 year concurrent for the serious felony prior. This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

---

[1] All section references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

**DISPOSITION**

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

J.

KING_____

J.